IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| PHILLIP SAMUEL COPELAND, # 194023, ) | Civil Action No. 3:04-22785-GRA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WARDEN WHITE, WARDEN BROAD RIVER ) | |
| CORRECTIONAL INSTITUTION; ) | |
| MAJOR MAXEY; L. T. PARRISH; ) | |
| OFFICER WILLIAMS; AND ) | |
| OFFICER EVANS, ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on October 27, 2004.[1] The alleged incidents occurred at the Special Management Unit ("SMU") of the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). Defendants filed a motion for summary judgment on March 8, 2005. Plaintiff, because he is proceeding pro se, was advised on March 8, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed an affidavit in opposition to summary judgment on April 7, 2005.

DISCUSSION

Plaintiff alleges that his constitutional rights were violated because Defendants destroyed some of his religious, legal, and personal property. Defendants argue that they are entitled to

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

summary judgment because: (1) Plaintiff fails to show that the discarding of his damaged property violated his constitutional rights; and (2) Defendants are entitled to qualified immunity.

   1.   Property Claims

Plaintiff alleges that on January 15 or 16, 2004, his constitutional rights were violated because Defendants destroyed some of his personal property.[2] He has submitted an affidavit from another inmate who claims that Lt. Parrish stated that he did not have time to pack the property up and instructed inmates who were helping with clean up after the fire to throw everything into the trash. Defendants argue that Plaintiff fails to show that destruction of his property violates any of his constitutional rights. Specifically, they argue that there is no evidence that Plaintiff's property was destroyed in accordance to any policy or procedure.

---

[2]Although Plaintiff appears to allege that his First Amendment rights were violated because some of his religious materials were destroyed, he has not identified any prison regulation which impinged on his ability to practice his religion. See Turner v. Safley, 482 U.S. 78 (1987); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854 (4th Cir. 1975).
   Plaintiff also fails to show that destruction of his legal materials violated his access to the courts. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right of access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. Lewis, 518 U.S. at 353-54. Plaintiff has not shown that Defendants' actions in destroying materials they believed were damaged by fire and water violated his right of access to the courts.

Defendant Maxey states that on January 15, 2004, he was called to BRCI because an inmate assaulted a correctional officer, took some keys, and let other inmates out of their cells; during the uprising fires were started, water flooded the SMU, and inmates had control over both wings of SMU; the sprinkler system activated and resulted in a large amount of water covering the SMU floor; inmates intentionally flooded the SMU with sewage water and water from their cells; there was four or five inches of water on the SMU floor; and Plaintiff was moved to the SMU at Kirkland Correctional Institution that evening. Maxey states that he directed his staff only to discard property that was hazardous or completely destroyed during the riot, he did not observe any SCDC employee discard any item that was recoverable or not damaged, and there was too much property damage in the SMU to know which inmate's property was thrown away.    Maxey Aff. Defendant White states that he did not witness nor is he aware that any legal or religious items were thrown away that were not already damaged by the fire and water. He states that Plaintiff was seen assaulting officers during the riot and was charged with internal disciplinary offenses and criminal offenses in General Sessions Court in Richland County. White Aff. Lt. Parrish states that water destroyed property in the SMU, water came from both the sprinkler system and the actions of inmates in flooding the SMU, property that was damaged beyond use was thrown out, he does not specifically recall throwing out Plaintiff's property, he did throw out property that was completely destroyed by the fire and water, and he did not throw out religious or legal property in order to restrict access to the courts or prevent the free exercise of religion. Parrish Aff.

Negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986).  Negligence,

3

in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property--even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state.[3] Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Yates has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." See Plumer v. Maryland, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990) and Zinermon v. Burch, 494 U.S. 113 (1990). Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property.

Under South Carolina law, Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act, § 15-78-10 et seq., S. C. Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the South Carolina Tort Claims Act, a claimant is required to file an administrative claim with the agency, department, or the State Budget and

---

[3] Plaintiff has not alleged that these materials were taken pursuant to an established SCDC policy.

Control Board before seeking judicial relief in a Court of Common Pleas. See S.C. Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the South Carolina Tort Claims Act must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. See, e.g., Murphy v. Richland Memorial Hosp., 455 S.E.2d 688 (S.C. 1995); and Pollard v. County of Florence, 444 S.E.2d 534 (S.C.Ct. App. 1994).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D.Ill. 1987). Plaintiff has an available judicial remedy for the missing property: the South Carolina Tort Claims Act, supra.

    2.    Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly

5

>violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 17) be granted.

>Respectfully submitted,
>
>s/Joseph R. McCrorey
>United States Magistrate Judge

May 10, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, *supra*,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
